Leibensperger, Edward P., J.
Defendant, Tyler Will-ette, moves for partial summaiy judgment dismissing Counts II, III and VI of plaintiffs complaint. The motion is ALLOWED in part and DENIED in part.
In response to the motion, plaintiff consents to the dismissal of Count II (claim directly under the Massachusetts Declaration of Rights) and Count VI (alleged intentional infliction of emotional distress). Thus, summary judgment dismissing those counts is ALLOWED. The issue left for this motion is whether summaiy judgment should enter dismissing Count III (alleged violation of Massachusetts Civil Rights Act, G.L.c. 12, §111.
The claims in this case arise from allegations of bullying, harassment and assault and battery on *313 plaintiff by Willette. For background, see Parsons v. Town of Tewksbury, 26 Mass. L. Rptr. 555; 2010 Mass.Sup. LEXIS 67 (2010). With respect to Count III, plaintiff must prove that (1) his exercise or enjoyment of rights secured by the Constitution or the laws of either the United States or the Commonwealth, (2) have been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by threats, intimidation or coercion. Kennie v. Natural Resources Dept. of Dennis, 451 Mass. 754, 759 (2008).
The summary judgment record demonstrates disputed issues of fact with respect to the origin, details and egregiousness of the interactions between plaintiff and Willette. It is sufficient to say that there are triable issues of whether Willette’s conduct amounted to threats, intimidation or coercion towards plaintiff. Thus, the remaining issue is whether the allegations, assuming they are proved, rise to the level of interference with a Constitutional right.
Article 1 of the Massachusetts Declaration of Rights guarantees that “all people” have the “right of enjoying and defending their lives and liberties” and “obtaining their safely and happiness.” For purposes of the Civil Rights Act, a right is “secured” by the Constitution or laws if it emanates from or finds its source in those laws. Bell v. Mazza, 394 Mass. 176, 182 (1985). In this case, plaintiff contends that the bullying, harassment and assault and battery interfered with his enjoyment of his life and his safety.
Given the breadth of the Constitutional guarantee of Article 1, this court looks for a limiting principle that would prohibit eveiy wrong or insult, however minor, from being the basis for a violation of the Civil Rights Act. First, of course, is the requirement that the interference be by “threats, intimidation or coercion.” That limitation, however, leaves the Act available as a cause of action in essentially every instance of assault and batteiy. It may be that for there to be a violation of the Act the conduct must “shock the conscience” but no case law has been brought to the attention of the court requiring such proof. In Commonwealth v. Adams, 416 Mass. 558 (1993), the Supreme Judicial Court affirmed a finding of violation of the Act by police officers who battered the plaintiff. There was no explicit finding of conduct that “shocked the conscience.” Thus, on this motion for summary judgment, the court finds that there are sufficient facts in dispute with respect to the conduct alleged to require the denial of the motion so that the claim may proceed to trial.
The motion for summary judgment seeking dismissal of Count III is DENIED.